# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | Civil Action No. 23-02972 (RMB/SAK) |
| Plaintiff, | |
| v. | **OPINION** |
| MARLTON PIKE PRECISION, LLC 401(K) AND PROFIT-SHARING PLAN and ANTONIO L. SALA, | |
| Defendants. | |

**APPEARANCE:**

Daniel M. Moczula
U.S. DEPARTMENT OF LABOR
201 Varick Street, Room 983
New York, New York 10014

*On behalf of Plaintiff Julie A. Su, Acting Secretary of Labor*

**RENÉE MARIE BUMB, Chief United States District Judge:**

This is a breach-of-fiduciary-duty action under Title I of the Employee Retirement Income Security Act of 1974 ("**ERISA**"), as amended, 29 U.S.C. § 1001, *et seq.* The sole trustee and fiduciary of a covered employee benefit plan allegedly abandoned the plan's participants when his company ceased operating, preventing the participants from accessing their money. Acting Secretary of Labor, Julie A. Su, ("**Plaintiff**") commenced this action, and Marlton Pike Precision, LLC 401(K) and Profit-Sharing Plan (the "**Plan**") and Antonio L. Sala ("**Sala**"), fiduciary and designated trustee of the Plan (collectively, "**Defendants**"), have failed to respond. Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, Plaintiff's Motion will be **GRANTED**.

## I.   BACKGROUND

On May 31, 2023, Plaintiff commenced this action against Defendants under Title I of ERISA, as amended, 29 U.S.C. § 1001, *et seq.* [Compl., Docket No. 1.] Plaintiff asserts that Sala abandoned the Plan, leaving it without a fiduciary or trustee in violation of ERISA §§ 402(a)(1) and 403(a), 29 U.S.C. §§ 1102(a)(1) and 1003(a). [*Id.* ¶¶ 23–24, 26–27.]

On or about January 1, 2005, Marlton Pike Precision, LLC (the "**Company**"), a private employer, sponsored the Plan as an employee pension benefit plan, as defined by ERISA. [*Id.* ¶¶ 6, 8.] Sala is the designated trustee of the Plan and the President of the Company. [*Id.* ¶ 9; *see also* Decl. of Brandon Pfister ¶ 5(b), Docket No. 6-2

("**Decl.**").] As trustee, Sala is a fiduciary to the Plan's participants. [Compl. ¶ 7; Decl. ¶ 5(b).] Sala also has the sole authority to administer and/or terminate the Plan and make distributions. [Decl. ¶¶ 5(b), 6.]

The Company went out of business in 2017. [Compl. ¶ 10; Decl. ¶ 5(c).] Since the Company ceased operations, Sala has not taken steps to ensure that there is a fiduciary acting on behalf of the Plan, nor has the Plan been terminated. [Compl. ¶ 11; Decl. ¶ 5(e).] Further, the Plan did not appoint a successor, named fiduciary, or discretionary trustee to administer and/or terminate the Plan. [Decl. ¶ 5(f).] From at least 2017, no individual or entity has come forward to assume responsibility for the Plan or to distribute its assets to Plan participants. [Compl. ¶ 12.] Because there is no fiduciary actively managing the Plan, its participants have been unable to access their accounts. [Compl. ¶¶ 13–14; Decl. ¶ 5(g).] As of March 4, 2022, the Plan had two participants, including Sala, and its assets had the approximate value of $47,890.90. [Compl. ¶¶ 15, 18; Decl. ¶¶ 5(d).]

In December 2021, one Plan participant contacted the Employee Benefits Security Administration of the United States Department of Labor ("**EBSA**") to submit a complaint. [Decl. ¶ 3.] The Plan participant sought to withdraw his funds. [*Id.*] Thereafter, EBSA contacted Sala to terminate the Plan and distribute assets to participants; however, he did not complete this process. [Decl. ¶ 7.] PAi is the Plan's custodian. [Compl. ¶ 19.] The EBSA also contacted PAi to ask whether it would act as a qualified termination administrator of the Plan, but it declined to do so. [Compl. ¶ 20; Decl. ¶ 8.] Plaintiff commenced this action shortly thereafter.

3

Service of the Summons and Complaint were made upon Defendants on June 16, 2023. [Docket Nos. 3, 4.] The time for Defendants' response expired on July 7, 2023, and Defendants have not since answered the Complaint. [*See generally* Docket.]

On July 13, 2023, Plaintiff requested an entry of default, [Docket No. 5], which the Clerk subsequently entered on July 17, 2023. Plaintiff filed the instant Motion on August 22, 2023, which was served upon Defendants. [Mot. Default J., Docket No. 6; Cert. of Service, Docket No. 6-4.] Defendants have not opposed or otherwise responded or appeared in this litigation. [*See generally* Docket.]

Plaintiff requests that default judgment be entered against Defendants, that Sala be removed as fiduciary and trustee of the Plan, and that an independent fiduciary be appointed to administer and terminate the Plan with costs charged to Sala. [Pl.'s Br. in Supp. of Mot. Default J. at 7–8, Docket No. 6-1 ("**Pl's. Br.**").]

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) allows a court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. Though a court has discretion to enter default judgment in appropriate circumstances, there is a firmly-established preference that disputes be decided on the merits whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984).

Before granting default judgment, a court must consider a number of issues: (1) whether it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant, (2) whether the defendant is exempt from entry of

default judgment, (3) whether there is sufficient proof of service, (4) whether a sufficient cause of action has been stated, and (5) whether default judgment is otherwise proper. *Trustees of N.J. B.A.C. Health Fund v. Thurston F. Rhodes, Inc.*, 2017 WL 3420912, at *2 (D.N.J. Aug. 9, 2017) (internal citation omitted); *Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions*, 2013 WL 4517935, at *2–3 (D.N.J. Aug. 26, 2013) ("***LIUNA***"); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008). Although a court should accept the facts pled in the Complaint as true for the purpose of deciding the motion for default judgment, the plaintiff bears the burden of proving damages, if applicable. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Whether default judgment is proper depends on (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. *Butler v. Pennsylvania Bd. of Prob. & Parole*, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

## III. DISCUSSION

### A. The Court's Jurisdiction

First, the Court considers its subject matter jurisdiction over Plaintiff's claims. "Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make any sort of appearance or submit any responsive communication to the Court." *Liuna*, 2013 WL 4517935, at *2. Here, Plaintiff alleges

5

that Defendants' conduct violates ERISA, a federal statute.  The Court therefore has federal question jurisdiction over Plaintiff's claims.  *See* 29 U.S.C. § 1132(e)(1) (providing that the district courts of the United States shall have exclusive jurisdiction of civil actions under ERISA brought by the Secretary of Labor).[1]

Next, the Court considers its basis for exercising personal jurisdiction over the defaulting Defendants.  *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 259 (3d Cir. 2008) (stating that if a court does not have personal jurisdiction, the entry of a default judgment is "not merely erroneous; [but] never should have been entered in the first place").  The Third Circuit has held that, where a federal statute authorizes nationwide service of process, "the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits."  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002).  Rather, the federal court's personal jurisdiction "may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process."  *Id.* (collecting cases).  ERISA so provides.  *See* 29 U.S.C. § 1132(e)(2) ("process may be served in any other district where a defendant resides or may be found."); *Fink ex rel. Nation Safe Drivers Emp. Stock Ownership Plan v. Wilmington Trust, N.A.*, 473 F. Supp. 3d 366, 372–73 (D. Del. 2020) (hereafter, "*Fink*") ("It is undisputed that ERISA provides nationwide service[] of process." (citing § 1132(e)(2)).

---

[1] The Court also observes that venue in this District is proper.  Actions under ERISA "may be brought in the district where the plan is administered." 29 U.S.C. § 1132(e)(2).  Here, the Plan is alleged to have been administered in Cherry Hill, New Jersey, [Compl. ¶ 4], so venue is properly established.

Here, Defendants were properly served with process within the United States. [See Docket Nos. 3, 4 & 6-4.]   Accordingly, the Court may exercise personal jurisdiction over Defendants pursuant to § 1132(e)(2).  *See, e.g.*, *Fink*, 473 F. Supp. 3d at 373 (explaining that, under ERISA, court may exercise personal jurisdiction over individual defendants who are properly served with process in the United States, even if they lack contacts with the state in which the court sits).

### B.    Fitness of Defendants to be Subject to Default Judgment

Second, the Court observes that none of the Defendants appears to be an infant or incompetent person or a person in military service, which could exempt a defendant from default judgment in appropriate circumstances. *See* Fed. R. Civ. P. 55(b)(2); *see also* 50 U.S.C. § 3931.  Accordingly, Defendants are subject to default judgment under Rule 55(b)(2).  *See Liuna*, 2013 WL 4517935, at *3.

### C.    Proof of Service

Third, the Court considers whether Defendants were properly served with process in this action. *See Thurston F. Rhodes, Inc.*, 2017 WL 3420912, at *2.  Here, Plaintiff served Defendants with the Complaint and Summons on June 16, 2023 at their address in Marlton, New Jersey. [Docket Nos. 3, 4.]  When Defendants failed to respond to the Complaint, Plaintiff properly sought and obtained entry of default pursuant to Rule 55(a).  [Docket No. 5.]  Plaintiff filed the instant Motion on August 22, 2023, and again served Defendants at their address in Marlton. [Docket Nos. 6-4.] Accordingly, the Court finds that there has been sufficient proof of service upon Defendants.

### D.   Cause of Action

Fourth, the Court must determine whether Plaintiff's Complaint states a proper cause of action against Defendants. *See Liuna*, 2013 WL 4517935, at *3. The Court accepts as true Plaintiff's well-pled factual allegations but disregards its legal conclusions. *See id.* Plaintiff asserts that Sala breached his fiduciary duties to Plan participants by violating Sections 402(a) and 403(a) of ERISA, 29 U.S.C. §§ 1102(a)(1) and 1003(a). [Compl. ¶¶ 23–24, 26–27.] Plaintiff contends that he is thus liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for abandoning the Plan. [*See id.* ¶¶ 24, 27.]

Under Section 402(a) of ERISA, every "employee benefit plan shall be established and maintained pursuant to a written instrument . . . [that] shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Section 403(a) of ERISA provides that:

> Except as provided in subsection (b), all assets of an employee benefit plan shall be held in trust by one or more trustees. Such trustee or trustees shall be either named in the trust instrument or in the plan instrument described in section 1102(a) of this title or appointed by a person who is a named fiduciary, and upon acceptance of being named or appointed, the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan, except to the extent that—

>> (1) the plan expressly provides that the trustee or trustees are subject to the direction of a named fiduciary who is not a trustee, in which case the trustees shall be subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to this chapter, or

>> (2) authority to manage, acquire, or dispose of assets of the plan is delegated to one or more investment managers pursuant to section 1102(c)(3) of this title.

8

29 U.S.C. § 1103(a).  Under Section 409(a) of ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter [Tile I of ERISA] . . . shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."  29 U.S.C. § 1109(a).

"To plead breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant is a plan fiduciary, (2) the defendant breached its fiduciary duty, and (3) the breach resulted in losses to the plan." *Alcatel-Lucent*, 2016 WL 3406227, at *3 (citing 29 U.S.C. § 1109(a); *In re Schering-Plough Corp. ERISA Litigation*, 420 F.3d 231, 235 (3d Cir. 2005); and *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010)). Courts have issued default judgment to the Department of Labor where a plan's trustee failed to actively administer the plan.  *See, e.g.*, *Perez v. Am. Health Care, Inc. 401(k) Plan*, 2015 WL 5682446, at *1 (D.N.J. Sep. 25, 2015) (Martini, J.) (noting that such conduct violates a trustee's fiduciary duties as set forth in 29 U.S.C. § 1104(a)(1)).  Courts will remove an absent trustee and appoint a successor trustee, in appropriate cases, at the Department of Labor's request.  *See id.* at *2 (collecting cases).

Here, Plaintiff has stated a valid cause of action for breach of fiduciary duty. *See Alcatel-Lucent*, 2016 WL 3406227, at *3.  As alleged, the Company is the sponsor of the Plan and Sala is the Plan's trustee. [Compl. ¶¶ 1, 9.]  EBSA's investigation concluded that Sala is named in the Summary Plan Document as trustee, with the requisite authority to administer and/or terminate the plan.  [Decl. ¶ 5(b).]

9

Accordingly, Sala is a fiduciary of the Plan under ERISA.  *See* 29 U.S.C. § 1102(21)(A) (explaining that a fiduciary is anyone who "exercises any authority or control respecting management or disposition of [plan] assets"); *id.* § 1102(a)(1) (stating that every employee benefit plan must have a named fiduciary with authority to control and manage the operation and administration of the plan).

Additionally, Sala's breach of duty and the resulting injury are clearly alleged. In 2017, Sala ceased actively administering the Plan when the Company went out of business, and he has failed to terminate the Plan and distribute its assets to participants. [Compl. ¶¶ 10–13; Decl. ¶¶ 5(e), 5(f), 6, 7.] As a result, the two remaining participants of the Plan have not been able to access their accounts.  [Compl. ¶¶ 14, 15, 21; Decl. ¶ 5(g).]  Failing to hold assets of a covered employee benefit plan in trust by abandoning the plan sets forth a prima facie case of breach of fiduciary duty under ERISA.  *See* 29 U.S.C. § 1103(a) (subject to certain exceptions not relevant here, "all assets of an employee benefit plan shall be held in trust by one or more trustees"); *id.* § 1104(a)(1) (setting forth that a "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries"); *Am. Health Care, Inc. 401(k) Plan*, 2015 WL 5682446, at *1 (finding that Department of Labor set forth valid cause of action for breach of fiduciary duty where plan trustee and fiduciary failed to hold assets in trust by actively administering plan).

Therefore, because Sala allegedly abandoned the Plan, Plaintiff has sufficiently stated a cause of action for breach of fiduciary duty under ERISA.  *See* 29 U.S.C. §

1109(a); *Am. Health Care, Inc. 401(k) Plan*, 2015 WL 5682446, at *3; *Alcatel-Lucent*, 2016 WL 3406227, at *3.

### E.    Propriety of Default Judgment

Fifth, the Court assesses whether default judgment is appropriate. To determine whether default judgment is proper, the Court must consider the prejudice to Plaintiff if the Motion for Default Judgment were not granted. *See Butler*, 613 F. App'x at 122 (citing *Chamberlain*, 210 F.3d at 164). By failing to respond to Plaintiff's Complaint or oppose the Motion for Default Judgment, Defendants have deprived Plaintiff of the opportunity to litigate its claims. Therefore, the Court finds that Plaintiff would be prejudiced if the Motion for Default Judgment were not granted.

Next, the Court addresses whether Defendants have a litigable defense and whether Defendants' delay is the result of culpable misconduct. *Id.* Because Defendants have failed to oppose the Motion for Default Judgment, the Court is "not in a position to determine whether [Defendants have] any meritorious defense or whether any delay is the result of culpable misconduct." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc.*, 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015) (citation and internal quotation marks omitted); *see also N.J. Bldg. Laborers' Statewide Pension Fund & Trs. Thereof v. Pulaski Constr.*, 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014) ("The Court has no duty to construct a defense for Defendant.").

In fact, Defendants' "failure to respond permits the Court to draw an inference of culpability on [their] part." *Fed. Ins. Co. v. Secure Cargo Corp.*, 2013 WL 1222653, at

*3 (D.N.J. Mar. 25, 2013) (citing *Surdi v. Prudential Ins. Co. of Am.*, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008)). Defendants were served with the Complaint and the instant Motion, [*see* Docket Nos. 3, 4, 6, 7], yet they have not responded to either, [*see generally* Docket]. The Court finds Defendants' failure to respond to be indicative of their culpability. *See Moroccanoil, Inc. v. JMG Freight Grp. LLC*, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff enables a court to infer culpability)). Thus, the *Chamberlain* factors favor entry of default judgment against Defendants.

####    F.    Relief

Finally, the Court must determine whether Plaintiff's request for relief is proper under ERISA. Plaintiff requests that the Court remove Sala as fiduciary and trustee of the Plan and appoint an independent fiduciary to terminate the Plan and distribute its assets to Plan participants. [Pl's. Br. at 7–8.] Relying on the investigation of Brendon Pfister of the EBSA, [Decl. ¶¶ 9–10], and the Proposal for administrative and consulting services of Metro Benefits, Inc., [Decl., Ex. 2], Plaintiff requests the installment of Mr. David Lipkin, F.S.A., as the replacement trustee, [Pl.'s Br. at 8].

ERISA authorizes the Secretary of Labor to bring an action in district court to "enjoin any act or practice which violates any provision in this subchapter." 29 U.S.C. 1132(a)(5). Additionally, if a fiduciary is found to have breached his duties, he "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a).

While ERISA does not explicitly grant courts the authority to appoint a replacement fiduciary, courts have previously decided that "replacement of a fund administrator under ERISA is appropriate where the administrator is in substantial violation of his fiduciary duties." *Delgrosso v. Spang & Co.*, 769 F.2d 928, 937 (3d Cir. 1985); *see also Am. Health Care, Inc. 401(k) Plan*, 2015 WL 5682446, at *2 (deciding that replacement of absent fiduciary was proper). Here, as Plaintiff has alleged that Sala abandoned the Plan and Mr. Lipkin appears to have the requisite experience to act as a proper fiduciary, [*see* Decl., Ex. 3 (Lipkin CV)], the Court will grant the relief sought by the Acting Secretary.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Motion for Default Judgment will be **GRANTED**.  An accompanying Order shall issue separately.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: **February 7, 2024**

---

[2] In this regard, the Court finds that the Metro Benefits, Inc. Proposal for administrative and consulting services submitted by Mr. Lipkin is reasonable.  [*See* Decl., Ex. 2 (Metro Benefits, Inc. Proposal); *see also* Decl. ¶ 10 (swearing that proposed charge for such services is "consistent with the market rate for the required work").] Accordingly, the Court will permit the Plan to reimburse Mr. Lipkin the fees, costs, and expenses he necessarily incurs distributing Plan assets and administering and terminating the Plan, not to exceed the proposed fee of $1,500.00.