UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JULIE A. SU, Acting Secretary of Labor, :
United States Department of Labor,
                                       :
                    Plaintiff,              No. 1:23-cv-02972-RMB-SAK
                                       :
        v.                                  **JUDGMENT AND ORDER**
                                       :
MARLTON PIKE PRECISION, LLC 401(K) AND
PROFIT SHARING PLAN and ANTONIO L. SALA, :

                    Defendants.

---

WHEREAS, this action was filed by the Acting Secretary of Labor (the "Acting Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA" or the "Act"), 29 U.S.C. § 1001 et seq., and by the authority vested in the Acting Secretary by ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that the Marlton Pike Precision LLC 401(K) and Profit-Sharing Plan (the "Plan") was in violation of ERISA §§ 402(a)(1), 403(a), 29 U.S.C. § §1102(a)(1) and 1103(a), and that Antonio Sala ("Sala") is liable for these violations of ERISA under ERISA § 409(a), 29 U.S.C. 1109(a); and

I. The Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of the plan sponsor Marlton Pike Precision, LLC who were covered by a plan subject to Title I of ERISA; and

II. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan and Antonio Sala for all purposes relevant to this matter

including the entry of this Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), and 29 U.S.C. § 1002(3); and

III. The Acting Secretary has duly made service on the Plan as required by the provisions of ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and

IV. The Plan and its authorized representatives have not answered or otherwise appeared in this matter; and

V. The Acting Secretary now applies for entry of an Order in this matter, and no answer being made in this matter, and no opposition being filed;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Acting Secretary's Motion for Default Judgment against Defendants is hereby GRANTED in full and that judgment is entered in favor of the Acting Secretary.

2. Antonio L. Sala is removed from his position as fiduciary and trustee with respect to the Plan.

3. The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

4. The Court hereby appoints ___Mr. David Lipkin___ as the Independent Fiduciary of the Plan with authority to administer the Plan and implement its orderly termination. In performing their duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further

actions with respect to the Plan as may be appropriate. The Independent Fiduciary shall have all the powers to do the things that are necessary and appropriate to administer and terminate the Plan.

5. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated.

6. The Independent Fiduciary shall not be discharged or terminated during the duration of this Order except by leave of Court upon application by either the Acting Secretary or the Independent Fiduciary. Upon termination, discharge, or resignation of the Independent Fiduciary during the term of this Order, the Acting Secretary shall recommend a successor Independent Fiduciary for appointment by the Court. Recommendations for a successor Independent Fiduciary shall be made by the Acting Secretary within such periods as the Court, by further order, may provide.

7. Concerning any activities which the Independent Fiduciary performs, the Independent Fiduciary shall be free to consult with the Acting Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers. The Independent Fiduciary may retain such assistance as may be reasonably required, including attorneys, accountants, actuaries, and other service providers.

8. The Independent Fiduciary shall cooperate fully with the Acting Secretary in the exercise of the Acting Secretary's enforcement responsibilities under ERISA, inter alia, by promptly providing such documents, information and persons under the Independent Fiduciary's control as the Acting Secretary from time to time may request. Nothing herein shall be construed to limit the rights the Acting Secretary otherwise enjoys of access to documents, information or persons or to waive or restrict the exercise by the Independent Fiduciary of its constitutional rights.

9. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. The Independent Fiduciary shall comply with the guidance in EBSA Field Assistance Bulletin 2014- 01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 21, 2014) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01, in attempting to locate participants and handling missing participants.

10. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plan to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order.

11. The Independent Fiduciary is empowered to give instructions to asset custodians respecting the disposition of assets of the Plan held by them. This instruction shall be in accordance with applicable Plan documents and federal law.

12. The Independent Fiduciary shall terminate the Plan in accordance with applicable Plan documents, ERISA, 29 U.S.C. §§ 1001 *et seq.*, and all other applicable federal law.

13. After the distribution of assets and the termination of the Plan the Independent Fiduciary shall receive compensation from the Plan not to exceed $1,500.00 for fees, costs, and expenses reasonably and necessarily incurred in distributing assets and administering and terminating the Plan.

14. The Independent Fiduciary may offset Defendant Antonio Sala's individual Plan account for compensation as described in paragraph 13, *supra*. The Independent Fiduciary may also directly invoice or otherwise seek payment from Defendant Antonio Sala for the compensation in paragraph 13, *supra*, from funds other than his individual Plan account. In the event the Independent Fiduciary is unable, after reasonable effort, to recover payment for its fees and expenses from Defendant Antonio Sala, it may upon notice to the Acting Secretary recover such fees and expenses from the Plan, and this shall be without prejudice to the ultimate responsibility of Defendant Antonio Sala to pay the Independent Fiduciary's fees and expenses.

15. To the extent not specified in the Plan documents, the Plan is deemed amended to authorize the offset described in paragraph 14, *supra*.

16. The Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

17. The Independent Fiduciary shall obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing its coverage under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

18. Nothing in the foregoing Order shall be construed in derogation of the Court's authority over the Independent Fiduciary's actions.

DATED: February 7, 2024

Camden, New Jersey

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE